Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East Third Ave. Ste 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

[Additional Attorneys on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Skeeter Betty,<br><br>Plaintiff,<br><br>vs.<br><br>Weber & Associates, Inc.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, SKEETER BETTY, BY AND THROUGH COUNSEL, MARK L. JAVITCH, and for her Complaint against the Defendant, pleads as follows:

1

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the city of Redondo Beach, Los Angeles County, California.

3. Venue is proper in the Central District of California, Los Angeles Division.

## PARTIES

4. Plaintiff is a natural person residing in the city of Redondo Beach, Los Angeles County, California.

5. The Defendant to this lawsuit is Weber & Associates, Inc. ("Defendant"), a domestic corporation that conducts business in the State of California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Optum in the amount of $64.00 ("the alleged debt").

7. Plaintiff disputes the alleged debt.

8. On November 27, 2022, Plaintiff obtained her Trans Union credit disclosure and noticed that Defendant was reporting the alleged Debt as a collection item.

9. On December 22, 2022, Plaintiff, through her attorneys, sent a Request for Validation of Debt to Defendant to get more information about the alleged Debt as she didn't receive any collection letter from Defendant about the alleged Debt. Plaintiff's attorney included a cease and desist clause in the Request for Validation of Debt for Defendant to cease contact with the Plaintiff.

10. On December 27, 2022, the Plaintiff received confirmation that Defendant received her Request for Validation of Debt.

11. On February 26, 2023, Plaintiff obtained her Trans Union credit disclosure, which showed that Defendant last reported the tradeline reflected by the collection item to Trans Union on January 31, 2023, and failed or refused to flag the tradelines as disputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

13. Defendant had more than ample time to instruct Trans Union to flag its collection item as disputed.

14. Defendant's inaction to have its collection item on Plaintiff's Trans Union credit report flagged as disputed was either negligent or willful.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions.  Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing, and credit for her day-to-day needs. Her credit report continues to be damaged due to Defendant's failure to properly report the associated collection item.  Plaintiff has suffered stress, shock, depression, agitation, anger, nervousness, frustration, panic attacks, crying spells, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, diminished work capacity, pain, headaches, restlessness/ discomfort, weight gain, nausea, loss of hair, fight with her spouse, chest pains, fainting spells, nervous ticks, and stomach problems due to Defendant's failure to comply with its obligations under the Fair Debt Collection Act.

## COUNT I - VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect the collection item violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a debt is disputed.

21. Plaintiff has suffered harm and damages at the hands of Defendant, and this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

22. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered and continues to suffer anxiety, embarrassment, humiliation, and stress.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")

24. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

26. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

27. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

28. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

29. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

30. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the Rosenthal Act:

   a. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

31. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

32. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this Court enter judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

### PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  March 20, 2023              By:     */s/ Mark L. Javitch*

                Mark L. Javitch (CA SBN 323729)
                Javitch Law Office
                3 East Third Ave. Ste 200
                San Mateo, CA 94401
                Telephone: (650) 781-8000
                Facsimile: (650) 648-0705

                Of Counsel to:
                CREDIT REPAIR LAWYERS OF AMERICA
                39111 Six Mile Road, Suite 142,
                Livonia, MI 48152
                Telephone: (248) 353-2882

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
Skeeter Betty

Case 2:23-cv-02070-ODW-JPR    Document 1    Filed 03/20/23    Page 9 of 9    Page ID #:9