Keven Steinberg, Bar No. 151372
keven@kevensteinberglaw.com
**STEINBERG LAW**
16133 Ventura Boulevard
7th Floor
Encino, California 91436
Telephone: (818) 855-1103

Attorneys for Defendant
WEBER & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKEETER BETTY,<br><br>   *Plaintiffs*,<br>   v.<br><br>WEBER & ASSOCIATES, INC.<br><br>   *Defendant*. | CASE NO. 2:23-cv-02070-ODW-JPR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDAN WEBER & ASSOCIATES, INC. TO PLAINTIFF'S COMPLAINT; JURY DEMAND** |

Defendant Weber & Associates, Inc. ("Defendant") by and through the undersigned counsel, hereby answers the Complaint of Plaintiff Skeeter Betty and alleges as follows:

## **ANSWER TO JURISDICITON**

1. Defendant Admits that the case presents allegations but Denies jurisdiction as alleged.

///

///

**ANSWER TO VENUE**

2. Defendant Denies that this court is the proper Venue.
3. Defendant Denies that this court is the proper Venue.

**ANSWER TO PARTIES**

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
5. Defendant Admits these allegations.

**ANSWER TO GENERAL ALLEGATIONS**

6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
7. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
9. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
14. Defendant denies these allegations.
15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

## ANSWER TO COUNT 1 – VIOLATION OF THE FAIR DEBT COLELCTION PRACTICES ACT

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
17. Defendant Admits these allegations.
18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
19. Defendant Admits these allegations.
20. Defendant Denies these allegations.
21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
23. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

## ANSWER TO COUNT 1 – VIOLATION OF THE FAIR DEBT COLELCTION PRACTICES ACT

24. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
25. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
26. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
27. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
28. Defendant Admits these allegations.

29. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
30. Defendant Denies these allegations.
31. is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.
32. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

## ANSWER TO PRAYER FOR RELIEF

Defendant Denies that Plaintiff sustained any damages; denies that Defendant's conduct caused such damages and denies that Defendant's actions and conduct, if any, were wrongful or illegal in any way.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The alleged claims and purported claims for relief stated in the Complaint fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity for whom Defendant is not responsible and over whose activities Defendant exercises no control and/or has no right to control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, laches, and/or other time bars.

///
///

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because Plaintiff did not suffer any actual damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by Defendant's compliance with all applicable state, federal, and local laws and regulations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, if any.

## EIGTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine of ratification.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Defendant incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

///

///

///

### TENTH AFFIRMATIVE DEFENSE

Defendant's conduct was not knowing or intentional, and Plaintiffs lack sufficient facts to show otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff knew, participated in and/or ratified all conduct as alleged herein and as such, all claims are barred.

### TWELVTH AFFIRMATIVE DEFENSE

There were intervening and superseding events which removed liability, if any, from Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and other third parties have and had unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity for whom Defendant is not responsible and over whose activities Defendant exercises no control and/or has no right to control.

### FIFTEEN AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of ratification.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's liability, if any, is limited by the provisions of the FTC Holder Rule, which provides that "any holder of its consumer contract is subject to all claims and defenses which the debtor could assert against the seller of the goods or services obtained pursuant hereto or with the proceeds hereof. Recovery shall not

exceed amounts paid by the debtors hereunder." 16 C.F.R. § 433.2(a).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the notice requirements of Civil Code §1782 of the CLRA, barring her claims in whole or in part.

## EIGHTEENTH FFIRMATIVE DEFENSE

There lacks the element of intent as to each Cause of Action as to this Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint and each purported cause of action set forth therein, or some of them, fail to state facts sufficient to constitute a cause of action upon which relief may be granted. Among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law. There was no "debt collection communication" as defined and the actions, if any, were invited, requested and permitted by Plaintiff through her own on-line banking portal in which she chose what information to receive.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint and each purported cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of waiver. Among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law. There was no "debt collection communication" as defined and the actions, if any, were invited, requested and permitted by Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs consented to the acts of this Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint and each purported cause of action set forth therein, or some of them, are barred, in whole or in part, to the extent that the Court lacks jurisdiction over Plaintiff's claims and Plaintiff's failure to timely and/or completely exhaust her administrative remedies as required by any other provision of the California Law, the exhaustion of which is a condition precedent to the maintenance of this action. Among other things, Plaintiff delayed in bringing up and presenting her claims and failed to do through proper and appropriate means pursuant to her banking agreement with Responding Party. The acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law. There was no "debt collection communication" as defined and the actions, if any, were invited, requested and permitted by Plaintiff through her own on-line banking portal in which she chose what information to receive.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are pre-empted by Federal law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant has insufficient information or knowledge upon which to form a belief as to whether it may have additional affirmative defenses available and reserves the right to assert any such affirmative defenses in the event that discovery indicates they are proper.

///
///
///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that any violation was an act or omission made in good faith, and that in any participation in such acts, Answering Defendant had reasonable grounds for believing that the act or omission was not a violation of the law such that Plaintiff is not entitled to any damages in excess of any compensation and are not entitled to any penalties or liquidated damages.  Among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that assuming, arguendo, that any conduct alleged by Plaintiff occurred, such conduct was not malicious and/or in conscious disregard of the rights of Plaintiff, nor was it the result of purposeful, knowing, bad faith, intentional, willful, fraudulent, deliberate, callous, oppressive, or malicious conduct by Answering Defendant.  Among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory, and/or retaliatory conduct, if any. Among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

**TWENTY-EIGTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action contained therein, and the alleged acts and/or omissions alleged by Plaintiff against Answering Defendant, fail to state a claim to support punitive damages, and are

barred by the provisions of California Civil Code §§ 3294 and 3295. Punitive damages may not be permitted in this type of action. Among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff has no cause of action for because Answering Defendant's reporting of Plaintiff's debt was not inaccurate or incomplete. Moreover, and among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff has no cause of action for any debt collection claim or violation because such laws expressly bar individuals from bringing a private cause of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. The acts complained about are personal in nature and not common among other banking patrons. Moreover, and among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff has no cause of action for any debt collection claim or violation because such laws expressly bar individuals from bringing a private cause of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. The acts complained about are personal in nature and not common among other banking patrons.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff has no cause of action for any debt collection claim or violation because Answering Defendant conducted a reasonable investigation into any dispute by Plaintiff of her credit report. The acts complained about are personal in nature and not common among other banking patrons. Moreover, and among other things, the acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff's claims are barred in whole or in part because she did not suffer any damages. The acts complained about are personal in nature and not common among other banking patrons.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges to the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which Answering Defendant had no control and for which Answering Defendant is not liable, including, but not limited to, consumer reporting agencies or third-party debt purchasers. In the event any fault of Answering Defendant is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Answering Defendant must be reduced and limited by the comparative fault of such persons or entities. The acts complained about are personal in nature and not common among other banking patrons.

///
///
///
///

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges Plaintiff's claims are barred in whole or in part because Answering Defendant provided truthful information to third-parties. The acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges Plaintiff's claims are barred in whole or in part because Answering Defendant alleges that its conduct was privileged under the Noerr-Pennington Doctrine and as a result, the Complaint is barred. The acts complained about do not satisfy any of the elements of a violation of the Rosenthal Fair Debt Collection Practices Act or any Unfair Competition Law.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Any alleged violation of law by Answering Defendant would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Answering Defendant's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error. Therefore, to the extent that Plaintiff alleges error in Answering Defendant's communications, the communications were not the result of a knowing or intentional act by Defendant, and were thus an unknowing and unintentional bona fide error, notwithstanding the maintenance of mandatory processes and procedures reasonably adapted by Answering Defendant to avoid any such error. Accordingly, even if a violation had in fact occurred as alleged, which Answering Defendant denies, Answering Defendant still would not be liable.

///
///
///
///

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant does not have the requisite "minimal contacts" with California and thus venue and jurisdiction are improper.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

venue and jurisdiction of this matter is improper and not convenient for this Answering Defendant, witnesses and third parties.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses or claims which may become known during the course of discovery.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiffs' claims against Defendant, enter judgment in favor of Defendant and against Plaintiffs, dis-allow Plaintiff any damages, including attorney's fees and costs and grant such other and further relief as this Court may deem just and proper.

Dated:  August 2, 2023            **STEINBERG LAW**

By: _____/s/ Keven Steinberg_____
Keven Steinberg
Attorneys for Defendant
Weber & Associates, Inc.

**JURY DEMAND**

On all claims so triable, Defendant requests a jury.

By:    /s/ Keven Steinberg
       Keven Steinberg
       Attorneys for Defendant
       Weber & Associates, Inc.