Keven Steinberg, Bar No. 151372
keven@kevensteinberglaw.com
**STEINBERG LAW**
16133 Ventura Boulevard
7th Floor
Encino, California 91436
Telephone: (818) 855-1103

Attorneys for Defendant
WEBER & ASSOCIATES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKEETER BETTY,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>WEBER & ASSOCIATES, INC.<br><br>      *Defendant*. | CASE NO. 2:23-cv-02070-ODW-JPR<br><br>**DEFENDANT WEBER & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND INITIAL DISCLOSURES**<br><br>[Filed concurrently with Declaration of Keven Steinberg and Exhibits]<br><br>Hon Jean P. Rosenbluth<br>Hearing: December 7, 2023<br>Time: 10:00 a.m.<br>Discovery Cutoff: 6/10/24<br>Pretrial: 9/16/24 at 1:30 p.m.<br>Trial: 10/08/24 at 9:00 a.m**.** |

Defendant Weber & Associates, Inc. ("Defendant") by and through the

undersigned counsel, hereby submits this Opposition to Plaintiff's Motion to

Compel Further Responses and Initial Disclosures.

## I.    <u>PLAINTIFF'S MOTION IS ILL CONCEIVED</u>.

There is no discovery dispute at all.

Plaintiff's counsel prematurely and prior to this Court's issuance of a Scheduling Order permitting the initiation of discovery, served a grab bag of written discovery thrown together in a single document. See, [Dkt. 24-2, Exhibit D to Plaintiff's Motion.].

On the same date as receiving this grab bag of discovery (combined interrogatories, requests for production and requests for admission), Counsel for Defendant wrote counsel for Plaintiff an email stating:

"You may not serve discovery until following the rule 26 conference and the judge issues us an order permitting it.

As such, this discovery is premature and we consider it a nullity.

If you disagree please let me know and we can bring in our Magistrate."

See, Declaration of Keven Steinberg ("Steinberg Decl.", ¶2, and **Exhibit A** thereto.

Plaintiff's counsel failed to meaningfully respond or to re-serve the discovery in the proper format. Steinberg Decl., ¶3 and *in passim*.

Thereafter, on October 5, 2023, in an attempt to have the discovery served at the proper time and in the proper manner, counsel for Defendant again wrote counsel for Plaintiff stating:

"As earlier indicated I believe this "discovery" was served prematurely and in

2

violation of Rule 26.

Additionally, I now note that it is an improper format in that each method and set of discovery must be separately prepared and self-contained (i.e., Interrogatories on their own, Requests for Production on their own and Requests for Admission on their own).

So as to avoid us merely serving objections on those bases, please re-serve this "discovery" in the proper method and format."

See, Steinberg Decl., ¶4, and **Exhibit B** thereto.

Plaintiff's counsel insisted that he could serve discovery at any time and in any format, even in the odd grab bag fashion that he did.  When asked to provide authority for this, Plaintiff's counsel refused.  See, Steinberg Decl., ¶5, and string of emails collectively attached as **Exhibit C**.

On or about October 31, 2023, Plaintiff's counsel and Defendant's counsel engaged in a telephonic meet and confer endeavor.  Plaintiff's counsel was again requested to re-serve the discovery in the proper format.  He refused.  Plaintiff's counsel was asked to explain the many undefined words and alleged terms of art inf the grab bag of discovery.   He could not do so, refused to do so and arrogantly told counsel for Defendant to look things up in the dictionary.  See, Steinberg Decl., ¶7, and string of emails collectively attached as **Exhibit D.**

In the email of October 31, 2023, Counsel for Defendant memorialized the meet and confer session by stating:

"Mark

This shall memorialize our "meet and confer" telephone call.

You refused to supply me with authority supporting the odd nature of your discovery requests bundled in a single document.

You also refused to simply re-draft the discovery by separating it into the necessary subparts (i.e. Interrogatories, Request to Produce and Request for Admission).

As we went through each discovery request, I pointed out phraseology in most discovery requests which were undefined, and which were unintelligible. I asked that you explain what you meant so that perhaps I could understand what you were seeking, and you told me "to go look it up in the dictionary" or "to figure it out myself". That was most unproductive.

I also informed you that proceeding with a motion or involving the Magistrate would not be productive in that if you could or would provide properly formatted discovery and a few definitions or clarifications (either in the

DEFENDANT WEBER & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER
RESPONSES AND INITIAL DISCLOSURES

response, or during a phone call or letter) we could get through this. You again refused.

I suggest you think about this and let's move forward with discovery in a proper manner."

See, Steinberg Decl. **Exhibit D.**

Surprisingly, that very same day, October 31, 2023, Plaintiff's counsel submitted a Joint Stipulation with respect to a discovery motion and advised that Counsel for Defendant was to inform him of his input or decision to respond to discovery in accordance with Local Rule 37-2.  See, Steinberg Decl., ¶8, and string of emails collectively attached as **Exhibit E.**

On November 8, 2023, Counsel for Defendant, while contending that the discovery was improper in many respects as outlined in the meet and confer discussions and in the objections, advised Plaintiff's counsel that Defendant would nonetheless respond in full.  See, Steinberg Decl., ¶9, and **Exhibit E.**

The following day, despite being told that Defendant would respond to the discovery, Counsel for Plaintiff filed the instant Motion.  See, [Dkt. 24].

As of the date of this Opposition, Counsel for Defendant is working on the ill formatted and ill contrived discovery and will provide full and complete responses notwithstanding.  See, Steinberg Decl., ¶11.  It is anticipated that such responses will be served well before the hearing on this Motion.  See, Steinberg Decl., ¶11.

///

DEFENDANT WEBER & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND INITIAL DISCLOSURES

## II.    <u>NOTWITHSTANDING FORTHCOMING RESPONSES, THE DISCOVERY WHILE BEING IN AN IMPROPER FORMAT IS CHALLENGING TO DECIPHER DUE TO THE LACK OF REFINEMENT OF THE INQUIRIES</u>.

As pointed out in the objections, much, if not all of the discovery requests are vague, ambiguous and overly broad.

For example, there are no definitions or explanations of:

1. What is the or what is meant by "the Account"?

2. What is the or what is meant by "Plaintiff's obligation on the Account"?

3. What are documents related to "the Account"?

4. What is the relevancy of what line of businesses Defendant was in, who was in charge, who worked for Defendant, where they lived, where the office was, where mail was received, how family members are related, what is or was "Plaintiff's Consumer Dispute", who owned a certain parcel of real property, what that property was zoned for (commercial or residential) and the like.

See, [Dkt. 24-2, Exhibit D to Plaintiff's Motion].

///

///

///

///

///

### III. PLAINTIFF HAS FAILED TO SUPPLY DEFENDANT WITH THE REQUESTED STIPULATED PROTECTIVE ORDER IN ORDER TO EXCHANGE INITIAL DISCLOUSURES.

Counsel for Defendant has requested Counsel for Plaintiff to provide him with a proposed Stipulated Protective Order for execution and entry by the Court so that documents may be exchanged.  Plaintiff's counsel has refused to do so.  See, Steinberg Decl., ¶12.

### IV. NO BAD FAITH HAS BEEN ENGAGED IN BY DEFENDANT OR ITS COUNSEL.

No bad faith conduct was engaged in with respect to such discovery. Rather, numerous attempts were made to see to it that the discovery confirmed to the Local Rules and the Federal Rules of Civil Procedure.  Further, the discovery was replete with vagueness, uncertainty and undefined terms.  While attempts were made to work through these challenges, Counsel for Plaintiff refused and filed this Motion.  See, Steinberg Decl., ¶13.

By: _____/s/ Keven Steinberg_____
Keven Steinberg
Attorneys for Defendant
Weber & Associates, Inc.

DEFENDANT WEBER & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND INITIAL DISCLOSURES

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in County of Los Angeles, State of California. My business address is Steinberg Law, 16133 Ventura Boulevard, 7th Floor, Encino, California, 91316.

On November 16, 2023, I filed **DEFENDANT WEBER & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND INITIAL DISCLOSURES**, including all declarations and exhibits, via the ECM/CF Case Filing System, which serves all parties of record.

/s/ Keven Steinberg

Keven Steinberg